```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

REGINA J. ANTROM,
                                        No.  77-C-1455
                Plaintiff

        - against -                     Memorandum of Decision
                                              and Order
THE U.S. DEPARTMENT OF THE ARMY;
HAROLD BROWN, SECRETARY OF DEFENSE;
CLIFFORD ALEXANDER, SECRETARY OF
THE ARMY; LIEUTENANT LAWRENCE
D. EDWARDS; JEFFREY PERLES;             January 23, 1978
COLONEL FRANKLIN SORIANO;
LIEUTENANT COLONEL EUGENE
WILKINS,

                Defendants.

- - - - - - - - - - - - - - - - - x
```

A P P E A R A N C E S :

    ROBERT RIVERS, ESQ.
    Attorney for Plaintiff
        393 Front Street, Suite 411
        Hempstead, New York  11550

    HON. DAVID G. TRAGER
    UNITED STATES ATTORNEY
    Eastern District of New York
    Attorney for Defendants
        225 Cadman Plaza East
        Brooklyn, New York  11201
        Joan M. Dolan, Esq., Assistant United
        States Attorney - Of Counsel


MISHLER, CH. J.

The complaint in this action seeks judicial review of the EEOC's determination denying Antrom's claim of sex discrimination. On November 4, 1977, defendants moved, inter alia, to dismiss so much of the complaint as alleges racial discrimination arguing that plaintiff's failure to exhaust her administrative remedies with respect thereto deprives this court of jurisdiction to consider the merits of that claim. By memorandum of decision and order dated November 22, 1977, this court denied that aspect of the motion.

It appears undisputed that a claimant prosecuting an action for employment discrimination may seek judicial relief only for those incidents which were within the scope of the original agency investigation. Tipler v. E.I. duPont deNemours and Co., 443 F.2d 125, 131 (6th Cir. 1971); Equal Employment Opportunity Commission v. Hickey-Mitchell Co., 372 F.Supp. 1117, 1120 (E.D. Mo. 1973). The judicial complaint may only encompass discrimination, similar in nature or reasonably related to that set forth in the original agency charge. Whitney v. Greater New York Corp. of Seventh Day Adventists, 401 F.Supp. 1363, 1371 (S.D.N.Y. 1975); Hecht v. Cooperative For American Relief Everywhere, Inc., 351 F.Supp. 305, 311 (S.D.N.Y. 1972).

Defendants take no issue with the statement of these principles, but maintain that they were incorrectly applied by this court. Accordingly, defendants move, pursuant to Rule 9(m) of the General Rules of this Court, for reargument on the limited issue of whether the allegations of racial discrimination are properly pled. After a close review of our prior memorandum of decision and the arguments posed by defendants, we conclude that we were in error.

The crucial element underlying any Title Vll claim is the motivation behind the contested action. The course of the agency's investigation is shaped not by the factual under-pinnings of a plaintiff's claim, but by the legal theory as-serted. It is the type of discrimination allegedly practiced that dictates the universe of persons which must be inspected. An allegation of sex discrimination demands that the situation of all female employees be compared, while the relative position of all black employees would be examined when a claim of race discrimination is posited by a Black.

That the same specified incidents give rise to both claims is not determinative. The focus of the inquiry below, as the Report of Investigation reveals, was on the universe

of women at Antrom's place of employ, not black workers. The investigator sought to gather evidence of only sexual discrimination and did not consider racial discrimination. Were we to exercise jurisdiction over the newly recited claim without demanding exhaustion, we would undermine the conciliatory role that the agency is expected to play.

Accordingly, defendants' motion is granted and the complaint is dismissed. Leave is granted to plaintiff to file an amended complaint reciting allegations of sex discrimination only, and it is

SO ORDERED.

*Jacob Mishler*
U. S. D. J.